The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID NATHANIEL HOFFMAN,<br><br>Defendant. | NOS. CR19-5457BHS<br>CR21-46BHS<br><br>**PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Ye-Ting Woo and Catherine L. Crisham, Assistant United States Attorneys for said District, Defendant David Nathaniel Hoffman and Defendant's attorney, Thomas Weaver, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.    **The Charges**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the following Indictments:

**CR19-5457**

a.    <u>Count 1</u> - Possession of Controlled Substances with Intent to Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C);

Plea Agreement - 1
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       b.    <u>Count 2</u> -Possession of Controlled Substances with Intent to

2  Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and

3  841(b)(1)(C);

4       c.    <u>Count 3</u> - Possession of Controlled Substances with Intent to

5  Distribute, in violation of Title 21, United States Code, Section 841(a)(1) and

6  841(b)(1)(C);

7  **CR21-46**

8       d.    <u>Count 1</u> - Assault Resulting in Serious Bodily Injury, in violation of

9  Title 18, United States Code, Section 113(a)(6).

10  By entering these pleas of guilty, Defendant hereby waives all objections to the

11  form of the charging document.  Defendant further understands that before entering any

12  guilty plea, Defendant will be placed under oath.  Any statement given by Defendant

13  under oath may be used by the United States in a prosecution for perjury or false

14  statement.

15      2.   **Elements of the Offenses**.  The elements of the offenses to which

16  Defendant is pleading guilty in the Indictments are as follows:

17  **CR19-5457**

18       a.    The elements of Possession of Controlled Substances with Intent to

19  Distribute, as charged in Counts 1, 2 and 3, are as follows:

20          <u>First</u>, the Defendant knowingly possessed a controlled substance;

21          <u>Second</u>, the Defendant intended to distribute the controlled

22  substance to another person.

23  **CR21-46**

24       b.    The elements of Assault Resulting in Serious Bodily Injury, as

25  charged in Count 1, are as follows:

26          <u>First</u>, the Defendant committed an assault against another person;

27          <u>Second</u>, the assault occurred within the territorial jurisdiction of the

28  United States;

Plea Agreement - 2
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1         <u>Third</u>, the assault resulted in serious bodily injury to the other

2   person.

3       3.    **The Penalties**.  Defendant understands that the statutory penalties

4   applicable to the offenses charged in the Indictments to which Defendant is pleading

5   guilty are as follows:

6   <center>**CR19-5457**</center>

7       a.    For the offense of Possession of Controlled Substances with Intent to

8   Distribute, as charged in Counts 1, 2, and 3:  a maximum term of imprisonment of up to

9   twenty years; a fine of up to $1 million dollars; a period of supervision following release

10  from prison of up to three years, and a mandatory special assessment of $100 dollars.

11  <center>**CR21-46**</center>

12      b.    For the offense of Assault Resulting in Serious Bodily Injury, as

13  charged in Count 1:  a maximum term of imprisonment of up to ten years; a fine of up to

14  $250,000; a period of supervision following release from prison of up to three years, and

15  a mandatory special assessment of $100 dollars.

16      Defendant understands that supervised release is a period of time following

17  imprisonment during which Defendant will be subject to certain restrictive conditions and

18  requirements.  Defendant further understands that, if supervised release is imposed and

19  Defendant violates one or more of the conditions or requirements, Defendant could be

20  returned to prison for all or part of the term of supervised release that was originally

21  imposed.  This could result in Defendant serving a total term of imprisonment greater

22  than the statutory maximum stated above.

23      Defendant understands that as a part of any sentence, in addition to any term of

24  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

25  restitution to any victim of the offense, as required by law.

26      Defendant further understands that the consequences of pleading guilty may

27  include the forfeiture of certain property, either as a part of the sentence imposed by the

28  Court, or as a result of civil judicial or administrative process.

Plea Agreement - 3
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

4.    **Immigration Consequences**.   Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States.  Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory.  Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty pleas may entail, even if the consequence is Defendant's mandatory removal from the United States.

5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

      a.     The right to plead not guilty and to persist in a plea of not guilty;

      b.     The right to a speedy and public trial before a jury of Defendant's peers;

      c.     The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

      d.     The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

Plea Agreement - 4
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

e.      The right to confront and cross-examine witnesses against Defendant at trial;

f.      The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

6.      **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offenses; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.      The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

Plea Agreement - 5
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d.       Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7.       **Ultimate Sentence**.  Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.       **Statement of Facts**.  The parties agree on the following facts.  Defendant admits Defendant is guilty of the charged offenses:

**CR19-5457**

**Count One:**

a.       On November 30, 2017, Washington State Department of Corrections (DOC) and United States Marshals Service deputies arrested Defendant for an outstanding DOC felony warrant at a residence where Defendant was living in Olympia, Washington. A state search warrant was issued and inside the residence were 19.5 grams of methamphetamine, 28.4 grams of heroin, a digital scale, and multiple empty baggies with drug residue.

b.       The Defendant acknowledges that he possessed the heroin, methamphetamine, and drug paraphernalia, and that he intended to distribute the controlled substances to other persons.

**Count Two**

c.       On January 3, 2019, deputies and officers arrested Defendant in Olympia during a traffic stop for an outstanding DOC felony warrant. Officers conducted a search incident to arrest and DOC search of the Defendant and his vehicle. They located large meth shards in the center console, a small amount of meth in a glass tube stored in a box contained within a backpack, and a large baggie of methamphetamine in the Defendant's waistband.

d.       During a post-arrest statement, the Defendant admitted that he possessed the methamphetamine.  In total, 29 grams of methamphetamine was recovered. Defendant acknowledges that he intended to distribute the methamphetamine to other persons.

Plea Agreement - 6
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

**Count Three**

        e.    On September 30, 2019, a DOC felony arrest warrant was issued for the Defendant.  On October 21, 2019, officers conducted a traffic stop of the Defendant in Shelton, Washington. Defendant attempted to flee from officers, but after a short pursuit, was stopped. Defendant was arrested on the DOC warrant. A DOC search of Defendant's car resulted in finding various controlled substances and other items, including: (a) 72 methylphenidate 27 milligram pills (Schedule II narcotic); (b) two methylphenidate 18 milligram pills (Schedule II narcotic); (c) 5.3 grams of heroin in a baggie; (d) 7.2 grams of methamphetamine; (e) a black digital scale with white crystal residue; (f) various other pills, and (g) three improvised explosive devices, specifically, a pineapple-style grenade, an aerial rocket, and two mortars taped together with clear plastic tape.  Further analysis of the grenade revealed that it was not an active explosive and was stuffed with cotton.

        f.    Regarding the two mortars taped together with clear plastic tape, these were examined by a Senior Explosive Enforcement Officer with the Bureau of Alcohol, Tobacco, and Firearms (ATF). This examination found that each tube consisted of a launch tube containing a black powder lifting charge and smaller cardboard tube aerial shell containing an explosive powder, that is, perchlorate explosive mixture and pyrotechnic stars. The ATF SEEO concluded that the two tubes had been removed from a multi-shoot cake firework that would function by lighting their attached fuse. This would in turn ignite the black powder lifting charge, expelling the aerial shell and subsequently, after a short delay, ignite the pyrotechnic effect charge causing it to explode.  These devices were determined by the ATF SEEO to not conform with the standards required by ATF for exempted Consumer Fireworks as defined in 27 C.F.R., Part 555.141(a)(7), and were explosives as defined under 18 U.S.C. § 841(d) and 18 U.S.C. § 844(j).

        f.    On November 19, 2019, the Defendant was transferred into federal custody. Defendant waived his *Miranda* rights and made statements.  He claimed that he had 'firecrackers' in his car, and they belonged to the registered owner of the vehicle. The Defendant boasted that if they had waited on the day of the arrest, they would have caught him with twenty pounds of methamphetamine, as he was about to pick up a large methamphetamine delivery. The Defendant explained that he split the drugs immediately after receiving them to avoid being caught with large amounts and provided the portions to his 'partners' to sell for him.

        g.    Defendant acknowledges that he possessed the controlled substances seized on October 21, 2019, with the intend to distribute those controlled substances to other persons.

Plea Agreement - 7
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**Obstructive Conduct**

h.      On around October 11, 2019, Defendant confronted an individual (hereinafter referred to as "Adult Victim 2") who had worked for him in his criminal activities. Defendant told Adult Victim 2 that he/she owned him money. Two days later, on October 13, 2019, Defendant caused another person to place an improvised explosive device on a black Volkswagen Jetta, parked in the driveway of a Thurston County residence where Adult Victim 2 was staying. The improvised explosive device detonated, resulting in damage to the hood of the car.

i.      Defendant admits that he planned and facilitated the detonation of the improvised explosive device on the Volkswagen Jetta, and that he did so in order to intimidate Adult Victim 2 and to deter and prevent Adult Victim 2 from providing information to law enforcement about Defendant's criminal activities.

j.      The remnants of the improvised explosive device were collected, examined, and analyzed by ATF agents and forensic chemist. The device was deemed to have been made from a Skyrocket and Cake Firework, and the remnants contained perchlorate explosive mixture, seeds hulls, and pyrotechnic stars. An ATF SEEO determined that after the device had been placed on the car, the pyrotechnic fuse was then lit, resulting, after a short delay, in an explosion which produced blast, thermal, and fragmentation effects that caused property damage. Further, the ATF SEEO concluded that the detonated was an improvised explosive bomb, a destructive devicie as defined in 26 U.S.C. § 5845(f).

## CR21-46

**Count One**

k.      On April 28, 2020, the Defendant and another individual (hereinafter referred to as "Adult Victim 1") were inmates in the same unit at the Federal Detention Center (FDC) in SeaTac, Washington.  Defendant assaulted Adult Victim 1 and that assault resulted in serious bodily injury to Adult Victim 1.

l.      On April 28, 2020, Defendant asked to speak with Adult Victim 1, and had Adult Victim 1 go into Defendant's cell with him.  Once inside the cell, Defendant punched Adult Victim 1 in the face several times, and in the shoulder area. Adult Victim 1 attempted to block and deflect the punches.  Adult Victim 1 was able to back out of Defendant's cell and tried to run away. But Defendant followed Adult Victim 1 and continued to punch and hit Adult Victim 1.

Plea Agreement - 8
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

m.      Defendant later told medical staff that he punched Adult Victim 1 and that his knuckles were sore from punching.

n.      Adult Victim 1 suffered a split lip, requiring four stitches.  His lip is disfigured from the injury and he has a lump on the inside of his mouth which has not resolved. Adult Victim 1 also suffered injury to his ears, with a cut on the lower left ear. He continues to experience intermittent ringing in his ears. Adult Victim 1 also has significant anxiety and depression due in part to the assault.

o.      The FDC is within the territorial jurisdiction of the United States.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9.      **Sentencing Factors**.  The parties agree that the following Sentencing Guidelines provisions apply to this case:

a.      With respect to Counts One through Three in CR19-5457, a base offense level of 24, pursuant to USSG 2D1.1, because the offense involved between 100 kilograms and 400 kilograms of converted drug weight, and a two-level upward adjustment, pursuant to USSG 3C1.1, for obstruction of justice, based upon the detonation of a destructive device.

b.      With respect to Count One in CR21-46, a base offense level of 14, pursuant to USSG 2A2.2, and a five-level upward adjustment, pursuant to USSG 2A2.2(b)(3)(B), because the victim sustained serious bodily injury.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines.  Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

Plea Agreement - 9
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

10.    **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

11.    **Agreed Recommendation Regarding Imprisonment**.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties jointly agree that at the time of sentencing, as to each Counts One through Three in CR19-5457, and Count One in CR21-46, the government will recommend a sentence no higher than the high end of advisory Sentencing Guidelines range, as calculated by the Court at the time of sentencing.  The parties further agree that at the time of sentencing, the Defendant will recommend a sentence of not less than the low end of the advisory Sentencing Guidelines range, as calculated by the Court at the time of sentencing.  Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law.   Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court.   Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12.    **Restitution.**  Defendant agrees that the Court can order Defendant to pay restitution to the victims of Defendant's crimes and, in exchange for the agreements by the United States contained in this plea agreement, Defendant agrees that restitution in this case should not be limited to the offenses of conviction.  Defendant is aware that the United States will present evidence supporting an order of restitution for all losses caused by all of Defendant's criminal conduct known to the United States at the time of

Plea Agreement - 10
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Defendant's guilty pleas, including any restitution owed to Adult Victim 1 as a result of
2  the Defendant's assault, as charged in Count One in CR21-46, and any restitution owed
3  as a result of the detonation of the improvised explosive bomb for the purpose of
4  intimidating Adult Victim 2, related to CR19-5457BHS.  In exchange for the promises by
5  the United States contained in this plea agreement, Defendant agrees that Defendant will
6  be responsible for any order by the District Court requiring the payment of restitution for
7  such losses.

8          a.      The full amount of restitution shall be due and payable immediately
9  on entry of judgment and shall be paid as quickly as possible.  If the Court finds that the
10 defendant is unable to make immediate restitution in full and sets a payment schedule as
11 contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule
12 represents a minimum payment obligation and does not preclude the U.S. Attorney's
13 Office from pursuing any other means by which to satisfy the defendant's full and
14 immediately-enforceable financial obligation, including, but not limited to, by pursuing
15 assets that come to light only after the district court finds that the defendant is unable to
16 make immediate restitution.

17         b.      Defendant agrees to disclose all assets in which Defendant has any
18 interest or over which Defendant exercises control, directly or indirectly, including those
19 held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the
20 United States' investigation identifying all property in which Defendant has an interest
21 and with the United States' lawful efforts to enforce prompt payment of the financial
22 obligations to be imposed in connection with this prosecution.  Defendant's cooperation
23 obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea
24 Agreement, truthfully and completely executing a Financial Disclosure Statement
25 provided by the United States Attorney's Office and signed under penalty of perjury
26 regarding Defendant's and Defendant's spouse's financial circumstances and producing
27 supporting documentation, including  tax returns, as requested; (2) providing updates
28 with any material changes in circumstances, as described in 18 U.S.C. §  3664(k), within

Plea Agreement - 11
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

       c.    The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

      13.   **Forfeiture of Assets**.  Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any and all property, real or personal, that was Defendant agrees to forfeit to the United States, immediately, all of Defendant's right, title, and interest in any and all property, real or personal, that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses set forth in Counts One through Three of the Indictment in CR19-5457BHS, and in any property constituting, or derived from, any proceeds Defendant obtained, directly or indirectly, as a result of this offense.  This property is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a).

      Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever

Plea Agreement - 12
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.  Defendant agrees not to file a claim to any of the above-listed property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in or over which Defendant has any interest or control, if that property constitutes or is derived from proceeds of, or was used or intended to be used to facilitate, the offenses set forth in Counts One through Three.

14. **Abandonment of Contraband**.  Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation.  In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

Plea Agreement - 13
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   16.   **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if
2   Defendant breaches this Plea Agreement, the United States may withdraw from this Plea
3   Agreement and Defendant may be prosecuted for all offenses for which the United States
4   has evidence.  Defendant agrees not to oppose any steps taken by the United States to
5   nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea
6   Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement,
7   Defendant has waived any objection to the re-institution of any charges that previously
8   were dismissed or any additional charges that had not been prosecuted.

9   Defendant further understands that if, after the date of this Agreement, Defendant
10  should engage in illegal conduct, or conduct that violates any conditions of release or the
11  conditions of confinement (examples of which include, but are not limited to, obstruction
12  of justice, failure to appear for a court proceeding, criminal conduct while pending
13  sentencing, and false statements to law enforcement agents, the Pretrial Services Officer,
14  Probation Officer, or Court), the United States is free under this Plea Agreement to file
15  additional charges against Defendant or to seek a sentence that takes such conduct into
16  consideration by requesting the Court to apply additional adjustments or enhancements in
17  its Sentencing Guidelines calculations in order to increase the applicable advisory
18  Guidelines range, and/or by seeking an upward departure or variance from the calculated
19  advisory Guidelines range.  Under these circumstances, the United States is free to seek
20  such adjustments, enhancements, departures, and/or variances even if otherwise
21  precluded by the terms of the Plea Agreement.

22  17.   **Waiver of Appellate Rights and Rights to Collateral Attacks.**
23  Defendant acknowledges that, by entering the guilty pleas required by this plea
24  agreement, Defendant waives all rights to appeal from Defendant's conviction, and any
25  pretrial rulings of the Court, and any rulings of the Court made prior to entry of the
26  judgment of conviction.  Defendant further agrees that, provided the Court imposes a
27  custodial sentence that is within or below the Sentencing Guidelines range (or the
28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

        a.      Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

        b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.    **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19.    **Statute of Limitations**.  In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

Plea Agreement - 15
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20.    **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 13th day of April, 2021.


_____
DAVID NATHANIEL HOFFMAN
Defendant


_____
THOMAS WEAVER
Attorney for Defendant


*s/Todd L. Greenberg*
_____
TODD L. GREENBERG
Assistant United States Attorney


*s/Ye-Ting Woo*
_____
YE-TING WOO
Assistant United States Attorney


*s/Catherine Crisham*
_____
CATHERINE L. CRISHAM
Assistant United States Attorney


Plea Agreement - 16
*United States v. Hoffman*, CR19-5457 BHS
and CR21-46BHS

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      20.   **Completeness of Agreement**.  The United States and Defendant

2 acknowledge that these terms constitute the entire Plea Agreement between the parties,

3 except as may be set forth on the record at the change of plea hearing in this matter.  This

4 Agreement binds only the United States Attorney's Office for the Western District of

5 Washington.  It does not bind any other United States Attorney's Office or any other

6 office or agency of the United States, or any state or local prosecutor.

7      Dated this 13th day of April, 2021.

8

9

10      DAVID NATHANIEL HOFFMAN
     Defendant

11

12

13      THOMAS WEAVER
     Attorney for Defendant

14

15

16      s/Todd L. Greenberg
     TODD L. GREENBERG

17      Assistant United States Attorney

18

19      s/Ye-Ting Woo

20      YE-TING WOO
     Assistant United States Attorney

21

22      s/Catherine Crisham

23      CATHERINE L. CRISHAM
     Assistant United States Attorney

24

25

26

27

28